In the Matter of WALTER G. BUXTON et al., Respondents,
v. ARLINGTON H. MALLERY, Appellant.

**Arbitration — contract — dispute relative to performance of contract within provision thereof providing for arbitration — order directing arbitration of all disputes referred to in petition too broad where one did not arise under original contract.**

1. An action to enforce provisions of a contract which defendants claim have been waived is a dispute in relation to the performance of the contract within the meaning of a provision therein that " should disputes arise in relation to any of the provisions of this contract," the same shall be submitted to arbitration, and a motion directing that arbitration proceed is properly granted.

2. The order, however, is too broad, in directing arbitration as to all matters in controversy between the parties set forth in the petition, where it clearly appears therefrom that under an oral modification of the agreement the parties are bound to enter into a new contract relative to a new invention. A dispute in relation thereto is clearly not one arising under the provisions of the original contract.

*Matter of Buxton* v. *Mallery*, 219 App. Div. 810, modified.

(Argued May 19, 1927; decided May 31, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 11, 1927, which reversed an order of Special Term denying a motion for an order directing appellant herein to proceed to arbitration and granted said motion.

*James E. Finegan* for appellant. There was no general agreement between the parties for arbitration of all disputes which might arise between them. (*Webster* v. *Van Allen,* 217 App. Div. 219; *Matter of Kelly,* 240 N. Y. 74; *Matter of Amalgamated Assn.,* 196 App. Div. 206; *Dodds* v. *Hakes,* 114 N. Y. 260; *Locke* v. *Filley,* 14 Hun, 139; *Matter of General Silk Importing Co., Inc.,* 200 App. Div. 786.) The disputes between the petitioners

22

[245 N. Y. 337]      Opinion, per ANDREWS, J.                    [May,

and the respondent as alleged in the petition, do not come within any of the provisions of the written contract between the parties hereto. (*Young* v. *Crescent Development Co.*, 240 N. Y. 244.)

*M. A. Willment* for respondents. The Appellate Division properly directed arbitration of all the disputes mentioned in the petition. (*Matter of Hosiery Manufacturers Corp.* v. *Goldston*, 238 N. Y. 22; *Young* v. *Crescent Development Co.*, 240 N. Y. 244; *Matter of Priore* v. *Schermerhorn*, 237 N. Y. 16; *Matter of Menger & Co.* v. *Propper S. H. Mills*, 239 N. Y. 199; *Matter of Kelly*, 240 N. Y. 74.) The arbitration clause covers the disputes between the parties. (*Holman* v. *Taylor*, 31 Cal. 338.)

ANDREWS, J. The petitioners and the respondents on June 2, 1924, entered into a somewhat elaborate contract. Mr. Mallery was an inventor and held patents covering a gas producer which burned the lighter and more expensive grades of oil. Buxton and Fisher wished to manufacture machines covered by this patent and lease them to customers. So they obtained a proper license from Mallery and in return agreed to pay him a percentage of the sums received from those renting the producers, a monthly royalty, an annual salary, and $50,500 in installments, and to give him also stock in a corporation to be organized. The contract so made contained many other provisions and among them a clause in regard to arbitration. " Should disputes arise," this clause provides, " in relation to any of the provisions of this contract, the same shall be submitted to the arbitration of three competent and disinterested persons   *   *   *   and the decision of the arbitrators shall be binding and conclusive upon the respective parties hereto."

Disputes do seem to have arisen and in May, 1926, an action was begun by Mallery against Buxton and Fisher. In this action the plaintiff alleging that he has duly per-

formed all the conditions of the contract claims that the
defendants have neglected to keep the agreements made
by them. He says that they have not manufactured,
installed and leased the gas producers as in the contract
provided. They have not made the various payments to
him which they should have made. They have not
manufactured and leased during the first year of the
contract the number of machines which they had agreed
to manufacture and lease, and by reason of these various
defaults he claims he has been damaged to the extent of
more than $74,000. The defendants have appeared in
the action but have served no answer. Their claim is
that these various provisions which are said to have been
violated have been severally waived by the plaintiff and
they ask that these disputes be submitted to arbitrators
as in the contract provided.

Mr. Mallery opposed the application made by them and
succeeded at Special Term. The Appellate Division,
however, has granted the motion. That court is clearly
right. Mr. Mallery sued to enforce performance of the
contract in question. The other parties thereto say that
those particular provisions have been waived as they
might have said that they had not been broken or that
the various sums claimed had been paid. This would
seem to be a dispute in relation to the performance of the
contract.

The order of reversal, however, is too broad in one
respect. It states that arbitration should proceed as to
all the matters in controversy between the petitioners
and the respondents set forth in the petition. In the
petition it is stated that it was agreed some time after
the execution of the original contract that it should be
modified so that it should refer to gas producers burning
crude oil. Such an invention was to be made by Mr.
Mallery. It has been done and under the oral agreement
of modification he and the petitioners are bound to
enter into a new contract with reference to the promotion

of the perfected invention. That, clearly, is not a dispute arising under the provisions of the original contract.

The order of the Appellate Division should be modified directing that arbitration proceed as to all matters in controversy between the appellant and the respondents set forth in the petition under the headings from (a) to (h) inclusive, and as so modified should be affirmed, with costs to the respondents.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Ordered accordingly.