■ MARGARET J. FROEHLICH, Respondent, v. WILLIAM J. FROEHLICH, Appellant.— Appeal from a judgment granting respondent a separation, awarding her the custody of the issue of the marriage with certain visitation rights and awarding alimony in the sum of $1,000 a month. The only question raised in appellant's brief is the alleged excessiveness of the alimony. Judgment unanimously affirmed, with costs. No opinion. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ MIRIAM HABER et al., Appellants, v. DAVID R. TELSON, Respondent.— Appeal from an order denying appellants' motion to vacate a default judgment and to restore the case to the Ready Day Calendar of the Supreme Court, Kings County, for a day certain. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ BETTY HACKMAN, Individually and as a Stockholder of 166 Norfolk Street Corp. and Other Corporations, Suing in Her Own Behalf and on Behalf of Stockholders Similarly Situated and on Behalf of and in the Right of Said 166 Norfolk Street Corp. and Other Corporations, Respondent, v. 166 NORFOLK STREET CORP. et al., Appellants.— In an action by respondent, individually and as a stockholder, the appeal is from an order granting her motion to examine appellants, to enable her to frame a complaint. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.

■ In the Matter of the Arbitration between ABRAHAM BINKOW, Respondent, and ABRAM BRICKMAN et al., Appellants.— Appeal from an order denying appellants' motion to stay arbitration. The parties hereto entered into an agreement of joint venture to construct and operate a residential structure in Miami Beach, Florida, the agreement containing a provision that " any controversy, difference or disagreement among the parties concerning any matter affecting this joint venture which cannot be resolved among the parties unanimously " should be submitted to arbitration. After the building was erected and in operation, negotiations were entered into for the purchase by appellants of respondent's interest in the joint venture. The sale was not consummated and, claiming that the exchange of communications between the parties constituted a valid contract for the sale of his interest, respondent instituted proceedings for arbitration of that question. Order reversed on the law, with $10 costs and disbursements, and motion to stay arbitration granted, without costs. In our opinion, the dispute sought to be arbitrated was not within the scope of the arbitration clause. The language of that clause is not sufficiently broad to encompass a controversy concerning the validity of an independent contract unconnected with the conduct of the joint venture or with any of the provisions of the agreement of joint venture. (Cf. *Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.]*, 306 N. Y. 288, 289; *Matter of Buxton* v. *Mallery*, 245 N. Y. 337, and *Matter of Bercu [Levinson]*, 270 App. Div. 537, affd. 296 N. Y. 866.) Nolan, P. J., Wenzel, Murphy, Ughetta and Hallinan, JJ., concur.